UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RYAN HODGE** | **DOCKET NO. 2:24-cv-00176**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CALCASIEU CORRECTIONAL CENTER** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Ryan Hodge, who is proceeding *pro se* in this matter. At the time of filing, Hodge was in the custody of the Louisiana Department of Corrections, incarcerated at the River Bend Detention Center in Lake Providence, Louisiana.

On February 26, 2024, plaintiff was ordered to submit his complaint on the Court's approved forms and file a completed application to proceed *in forma pauperis* (ifp). Doc. 3. Plaintiff filed an amended complaint on March 27, 2024, in accordance with the Court's order (doc. 4), but his application to proceed ifp remained deficient (doc. 5). On April 22, 2024, the Court's correspondence notifying plaintiff that his ifp application remained deficient was returned as undeliverable, marked "Return to Sender; Not Deliverable as Addressed; Unable to Forward." Doc. 6.

Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Accordingly,

**IT IS RECOMMENDED** that Hodge's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Local Rule (LR) 41.3W.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 26th day of July, 2024.

_____
**THOMAS P. LEBLNAC**
**UNITED STATES MAGISTRATE JUDGE**